PAUL E. DAVIS and ALBERT WERTHEIMER, Doing Business under the Assumed Name and Style of "DAVIS SALES COMPANY," Appellants, *v.* STUDENTS SUPPLY COMPANY, Respondent.

Fourth Department, January 8, 1941.

*Nathan H. Blitman* [*J. Norman Crannage* of counsel], for the appellants.

*Costello, Cooney & Fearon* [*Gordon H. Mahley* and *M. Harold Dwyer* of counsel], for the respondent.

CROSBY, P. J. Plaintiffs appeal from a judgment entered on a nonsuit granted at the end of plaintiffs' proof. The record shows that the court granted the nonsuit on the theory that there was no evidence that the contract sued upon was signed by Ellis " for and in behalf of the Students Supply Company." We think this was error in view of defendant's answer.

To be sure the contract sued upon was signed: " Leon W. Ellis Mgr. (L.S.)," and, while defendant's corporate name appears in the body of the contract as a party thereto, neither its name nor its seal appears at the end thereof. However, the complaint alleges that Ellis executed the contract " on behalf of the defendant corporation." The answer, after making categorical denial of that allegation, sets forth a " separate and complete defense and * * * counterclaim " in which it is alleged: " That *defendant executed* [the contract] in the belief that the same embodied the actual agreement theretofore made," and then alleges that, due to mutual mistake, or else " mistake of defendant " and fraud on the part of

plaintiffs, the contract as written does not embody the agreement of the parties. Then the answer demands: "That the said agreement * * * be rescinded and annulled, or, in the alternative, that the same be reformed to express the true intent *of the parties.*" (Italics mine.)

It seems clear, therefore, that the defendant's answer never meant to claim that Ellis' act in executing the contract was not the act of defendant. Whether or not the contract should be rescinded or reformed is a matter of equitable defense.

Furthermore, we think that plaintiffs produced substantial proof that Ellis had authority to make the contract in question. He was produced as a witness for plaintiffs and testified that he was a stockholder in the defendant company, that he was its treasurer, and also the manager of its store. Asked the question, "Who signs the contracts for the corporation?" he answered, "I would."

In view of defendant's answer and the proof to which attention has been called, we think plaintiffs made out a *prima facie* case of breach of contract.

The judgment should be reversed on the law and facts and a new trial ordered, with costs to appellants to abide the event.

All concur. Present — CROSBY, P. J., CUNNINGHAM, TAYLOR, DOWLING and HARRIS, JJ.

Judgment reversed on the law and facts and a new trial granted, with costs to the appellants to abide the event.